UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                         Plaintiff,

DECISION AND ORDER

96-CR-6065L
04-CV-6100L

     v.

SAMUEL CURTIS GRIFFIN,

                         Defendant.
_____

Defendant, Samuel Curtis Griffin ("Griffin"), was convicted after a jury trial of conspiracy to distribute heroin and cocaine and with use of a communication facility to commit a drug felony, 21 U.S.C. § 843(b), § 846. On May 24, 2000, Griffin was sentenced by the Court principally to a term of 121 months on the conspiracy charge and 48 months on the other count to be served concurrently.

Griffin obtained new counsel and appealed his conviction which was affirmed by the Second Circuit in an opinion published at 326 F.3d 45 (2003), *cert. denied,* 541 U.S. 1092 (2004).

Griffin filed the present petition, *pro se,* pursuant to 28 U.S.C. § 2255. In the original petition, the only claim raised was the ineffective assistance of his trial counsel. Later, Griffin

amended the petition and seeks relief based on the Supreme Court's decision in *Blakely v. Washington,* 124 S. Ct. 2531 (2004).

The petition must be and hereby is dismissed. First of all, the claims of ineffective assistance of counsel were raised and considered on direct appeal to the Second Circuit. In its published opinion, the Second Circuit concluded that the claims of ineffective assistance of counsel were without merit. 326 F.3d at 63. Section 2255 may not be used to relitigate questions that were raised, considered and decided adversely to the defendant on direct appeal. The other basis raised now, for the first time, was trial counsel's alleged deficiencies concerning plea offers. As the Government points out, Griffin refused several plea offers and, in any event, the sentence imposed was actually at the low end of the Guideline range suggested by the Government in its proposed plea agreements.

To the extent Griffin now relies on the Supreme Court's *Blakely* decision, decided four years after he received his sentence in this case and one year after his appeal was final, there is no basis to grant the petition. The Second Circuit has repeatedly held that *Blakely* does not apply retroactively to motions brought under 28 U.S.C. § 2255. *See Coleman v. United States,* 329 F.3d 77, 82 (2d Cir.), *cert. denied,* 540 U.S. 1061 (2003), *Green v. United States,* 397 F.3d 1001, 1003 (2d Cir. 2005). In addition, the Second Circuit has also held that *United States v. Booker,* 125 S. Ct. 738 (2005) does not apply retroactively to motions brought under § 2255. *Guzman v. United States,* 404 F.3d 139 (2d Cir. 2005).

## CONCLUSION

The petition of Samuel Curtin Griffin pursuant to 28 U.S.C. § 2255 is dismissed.

I decline to issue a certificate of appealability because Griffin has failed to make a substantial showing of a denial of a constitutional right.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
November 16, 2005.